Max H. Stern (SBN 154424)
Jessica E. La Londe (SBN 235744)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail:     mhstern@duanemorris.com
            jelalonde@duanemorris.com

Attorneys for Defendant
INDIAN HARBOR INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE ARTISTS TALENT & LITERARY AGENCY, INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>INDIAN HARBOR INSURANCE COMPANY, a Delaware limited liability company; and DOES 1 through 10,<br><br>　　　　　　　　Defendants. | Case No.: 2:19-CV-02447<br><br>**NOTICE OF REMOVAL**<br><br><br>Complaint Filed: February 5, 2019 |

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**PLEASE TAKE NOTICE** that, in accordance with 28 U.S.C. §§ 1332, 1441 and 1446, and all other applicable law, Defendant Indian Harbor Insurance Company ("Indian Harbor"), through its attorneys, hereby gives notice of removal of Case No. 19STCV03958, pending in the Superior Court of California, County of Los Angeles, to this Court.  In support of removal, Indian Harbor states as follows:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.　On or about February 5, 2019, Plaintiff Innovative Artists Talent & Literary Agency, Inc. ("Plaintiff" or "Innovative") filed the action entitled *Innovative*

*Artists Talent & Literary Agency, Inc. v. Indian Harbor Insurance Company, et al.* in the Superior Court of California, County of Los Angeles, Case No. 19STCV03958 (the "Complaint").  See Complaint (and related papers) at **Exhibit A**.

2.  The Complaint was served on Indian Harbor on March 1, 2019.  *See* Proof of Service at **Exhibit B**.

3.  Indian Harbor filed its Answer in the Superior Court on March 29, 2019. *See* Answer at **Exhibit C**.

4.  The Complaint identifies no defendants by name other than Indian Harbor.

5.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of service of the Complaint on Indian Harbor.

6.  As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served on Indian Harbor are attached hereto (*see* Exhibit A (Complaint and related papers), Exhibit B (Proof of Service), and Exhibit C (Answer)).

**BASIS FOR REMOVAL JURISDICTION: DIVERSITY**

7.  Removal of the action to this Court is appropriate because this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8.  Complete diversity of citizenship exists.

9.  Plaintiff alleges, and regulatory filings confirm, it is a corporation organized and existing under the laws of the State of California.  (Complaint ¶ 2; *see also* Innovative entry on California Secretary of State Site (https://businesssearch.sos.ca.gov/), which identifies Innovative as a California corporation.)  Further, publicly available information also confirms that Plaintiff's principal place of business is in California.  (*See* Innovative entry on California Secretary of State Site, which lists the same California address as the Agent for Service of Process, Entity Address, and Entity Mailing Address; *see also* Innovative's website, which lists its offices at two California locations (including the one listed on

the California Secretary of State Site) in addition to a New York office (http://www.innovativeartists.com/contact-us.html); *see also* Innovative's address on the Indian Harbor policy (Complaint at Exhibit A).) Plaintiff, therefore, is a citizen of California.

10. Indian Harbor is not a citizen of California. Indian Harbor: (a) is not incorporated in the State of California; (b) does not have a "main office" in the State of California; and (c) does not have a principal place of business in the State of California. (Declaration of Nina Markoutsis ("Markoutsis Dec."), ¶ 3.) Indian Harbor is incorporated in the State of Delaware, and its principal place of business is Stamford, Connecticut, where its administrative offices are located. (Complaint ¶ 3; Markoutsis Dec. ¶ 3; *see also* Indian Harbor entry on State of Delaware, Division of Corporations (https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx).)

11. The amount in controversy exceeds $75,000, exclusive of interest and costs. In its Complaint, Plaintiff alleges: "As a result of the *Warner Bros.* lawsuit and its settlement, the Innovative Insureds incurred and paid damages and defense expenses insured under the Policy and greater than the Policy's retention." (Complaint ¶ 12.) Innovative has stated to Indian Harbor that it is seeking in excess of $75,000 under the insurance policy issued by Indian Harbor. (Markoutsis Dec., ¶ 4.)

**VENUE**

12. The United States District Court for the Central District of California is the proper venue for this action under 28 U.S.C. § 1441(a), because the Superior Court of California, County of Los Angeles, where Plaintiff commenced this action, is located in the Central District of California.

**NOTICE TO STATE COURT AND TO PLAINTIFF**

13. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing will be given by the undersigned to Plaintiff's counsel of record, Kirk Pasich and Nathan M. Davis, and a copy of the

Notice of Removal will be filed promptly with the Clerk of the Superior Court of California, County of Los Angeles.

## CONCLUSION

WHEREFORE, Defendant Indian Harbor Insurance Company respectfully requests that this Notice of Removal be filed and, accordingly, that Case No. 19STCV03958, currently pending in the Superior Court of California, County of Los Angeles, be removed to, and proceed, in this Court.

Dated: April 1, 2019                                **DUANE MORRIS LLP**

By:   /s/ Max H. Stern
Max H. Stern
Jessica E. La Londe
Attorneys for Defendant
INDIAN HARBOR INSURANCE COMPANY